**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAMES CRAWFORD, individually,

                    Case No. _____

         Plaintiff,

v.

CRETE REALTY CO. L.L.C., and
GEMINI DINER, INC.,


         Defendants.

_____/

## COMPLAINT

Plaintiff, JAMES CRAWFORD, by his undersigned counsel, hereby files this Complaint and sues, CRETE REALTY CO. L.L.C. and GEMINI DINER, INC. (hereinafter the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.     Plaintiff, James Crawford, currently resides in Brooklyn, New York, and is *sui juris*. He is a qualified individual with disabilities under the ADA law.

1

Mr. Crawford, has a spine injury to the T 11 and T 12. As a result James is bound to ambulate in a wheelchair. He has visited the property, which forms the basis of this lawsuit and plan to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. His access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3.      Defendant, Crete Realty Co. L.L.C is a domestic limited liability company which is authorized to do business in the State of New York, and is the owner/ lessor, of the real property and improvements located at 641 Second Avenue, New York, N.Y. which is the subject of this action and is known and operated as the Gemini Diner (hereinafter the "facility").

4.      Defendant Gemini Diner, Inc. is the lessee of the premises located at 641 Second Avenue, New York, N.Y., and the owner/operator of the Gemini Diner located at the premises.

5.      The Defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

6.      In this instance, Mr. Crawford, visited the facility and encountered barriers to access at the facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

7.       Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

8.       All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

9.       Mr. Crawford has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10.      Mr. Crawford intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11.      Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including

3

those specifically set forth herein, and make the facility accessible to and usable by persons

with disabilities, including Plaintiff.

12.     Defendants have discriminated against Mr. Crawford by failing to comply with

the above requirements. A specific, although not exclusive, list of unlawful physical barriers,

dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability

(because of his disability) to access the facility and/or full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the facility include:

I.      There is a step at the entrance vestibule which acts as a barrier to entrance
        as no ramp is provided in violation of ADAAG 206, 206.4, 206.4.1 and
        303.4.
II.     The required minimum maneuvering clearance is not provided at the
        entrance vestibule, in violation of ADAAG 404.2.4 and 404.2.4.4.
III.    There is a non- compliant change in level within the required maneuvering
        clearance at the entrance vestibule in violation of ADAAG 404.2.4 and
        404.2.4.4.
IV.     There is a step at the secondary side entrance which acts as a barrier to
        entrance as no ramp is provided in violation of ADAAG 206, 206.4,
        206.4.1 and 303.4.
V.      The required minimum maneuvering clearance is not provided at the
        secondary side entrance, in violation of ADAAG 404.2.4 and 404.2.4.4.
VI.     There is an inaccessible travel path to the restroom located on floor as
        there is an existing flight of stairs which acts as a barrier to access and the
        required handrail extensions are not provided at the top and bottom of the
        existing handrails in violation of ADAAG 505.10.1.
VII.    There is a step located at the ground surface of the stairs leading to the
        restroom without the required ramp present in violation of ADAAG 303.4.
VIII.   The restroom door opens into the required clear floor space of fixtures in
        violation of ADAAG 603.2.3.
IX.     The required minimum clear width is not provided at the opening of
        restroom door in violation of ADAAG 404.2.3.
X.      The required minimum maneuvering clear floor space is not provided at
        the water closet in violation of ADAAG 604.3 and 604.3.1.
XI.     The required side and rear wall grab bars are not provided in violation of
        ADAAG 604.5 and 604.5.1.
XII.    There is no required minimum toe and knee clearance at the lavatory in
        violation of ADAAG 606.2, 306.2, 306.2.3 and 306.3.3.
XIII.   There is a noncompliant door knob at the restroom door which requires
        twisting of the wrist in violation of ADAAG 404.2.7 and 309.4.
XIV.    There is an inaccessible travel path provided from the restroom door to the

4

>           fixtures as the minimum clear floor space is not provided in violation of
>           ADAAG 403.5.1.
>    XV.    The required minimum turning space is not provided in restroom in
>           violation of ADAAG 603 and 304.3.1.
>    XVI.   The required minimum toe and knee clearance is not provided at the
>           lavatory in violation of ADAAG 606 and 606.2.
>    XVII.  The hand dryer is mounted too high in violation of ADAAG 606.1.
>    XVIII. The required minimum clear floor space is not provided at the urinal in
>           violation of ADAAG 606.
>    XIX.   The wall mounted urinal is mounted higher than 17 inches above the
>           finished floor in violation of ADAAG 605.2
>    XX.    The water closet is mounted too close to the side wall in violation of
>           ADAAG 604.

13.    The above listing is not to be considered all-inclusive of the barriers, conditions or

violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an

inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

14.    Mr. Crawford has attempted to gain access to the facility, but because of his

disability has been denied access to, and has been denied the benefits of services, programs, and

activities of the facility, and has otherwise been discriminated against and damaged by

Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth

above, and expects to be discriminated against in the future, unless and until Defendants are

compelled to remove the unlawful barriers and conditions and comply with the ADA.

15.    The removal of the physical barriers, dangerous conditions and ADA violations set

forth herein is readily achievable and can be accomplished and carried out without much

difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, §

36.304.

16.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and

reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant

is required to remove the physical barriers, dangerous conditions and ADA violations that exist

at the facility, including those set forth herein.

17.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

18.    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff  respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants  to remove the physical barriers to access and alter the subject facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, Esq..
*Attorney for Plaintiff*
Bar No. JT2811
201 East 87th Street
Suite 9H
New York, N.Y. 10128
Ph: (212) 669-6991

6